Richards, J.
Heard on demurrer to petition.
This ease has been argued to the court upon demurrer to the petition, the demurrer being upon the ground that the petition does not state facts sufficient to constitute a cause of action in favor of the .plaintiff and against the defendant.
The action was brought on January 3, 1906, and is for the purpose of recovering compensation for the construction of a road in Lyme township, Huron county, which it alleged to have been constructed under an agreement with the county commissioners.
The petition alleges in substance that the defendants are the commissioners' of Huron county and have authority and power to construct, repair and maintain public roads, and that the Hunt’s Corners road is a much traveled road in said county of Huron and runs in an easterly and westerly direction, passing between Monroeville and Hunt’s Corners in Lymg township.
*520 The plaintiff alleges that in the spring of 1905 the road became in bad condition and unsuitable for traffic and accordingly in need of repairs, and that in March of that year the board of trustees of Lyme township and the defendant in this action met at the office of the defendant, the board of county commissioners, to consider the condition of the Hunt’s Corners road and decided to repair the road and to put it in suitable condition for traffic by leveling and grading same .and placing thereon crushed stone; that the part of said road which said board thus determined to repair lay in Lyme township in said county. Then the petition proceeds to allege that a bargain was made by which the trustees of Lyme township were to pay one-half of the expense and the commissioners of Iinron county were to pay the other half, and that the contract was let to the plaintiff in this action; that he proceeded in the summer of 1905 and did the work as ;he was directed to do and put the road in first class condition, doing the work in a thorough and workmanlike manner, as contemplated -by the parties; and the plaintiff alleges that since July 1, 1905, the road has been in constant use as a public highway of said county and that it is in first class condition for traffic.
He proceeds to say further in substance that there was no certificate of the county auditor placed on file showing that the money was in the treasury authorizing the county commissioners to malic this contract — that the money was not in process of collection.
The .plaintiff further alleges that he has heretofore done business with these same officers defendant, and in the same manner and had relied-upon their statement ■ that they were authorized and empowered to contract, and that upon such reliance and upon such previous course of conduct he w>as induced to make this contract and did malee it without knowing or investigating to ascertain whether the certificate provided or required by law had in fact been made.
He alleges that the defendant represented to him that it had complied with the law in making said contract and that he relied upon those representations ,and would not have done so but for the former course of dealing between the parties, *521 and that in every ease of similar circumstances lie had always received his pay in accordance with the contract upon completion of the work contracted for.
Plaintiff further alleges .that' he has expended large sums of money in employing men and teams to do the said work of repair, in purchasing crushed stone and other material and paying freight thereon, has used his own teams and spent his own time and labor, all in carrying out the work of repair .of said road.
He alleges that this, contract he made is a void contract, in violation of the requirements of the statute restricting the right of the county commissioners to make a contract under those circumstances. Wherefore, he prays that this court may order that a just 'and true account be taken of all the time, labor, money, material, etc., that the plaintiff has expended in making these repairs as aforesaid, for the use and enjoyment of the defendant, and .this court, on such an account being taken, may order that the expense and loss which has resulted in a benefit and enjoyment to this defendant may be repaid to him and that this defendant may be compelled to act justly and equitably in the matter, and prays'for any other .and further relief to which in equity and good conscience he may be entitled.
I had not supposed, until the elaborate brief was filed by counsel for plaintiff, that so much could be said in favor of maintaining this kind of an action. It is fundamental law in Ohio that if county commissioners execute contracts other than in accordance with the restrictions and provisions of the statute, if they violate those provisions,- that a contract, as such, is not binding in law.
It will be noticed in this case, from the prayer of the petition and from the allegations of the petition also, that the plaintiff is not seeking to recover on a contract; but he wants the defendant to reimburse him for what he has actually expended in time and money.
The old case — not so old in point of time, but old because if has been so many times used since its decision — of Buchanan Bridge Co. v. Campbell, 60 O. S., 406, is pretty near the polar *522 star in this state for determining the rights and liabilities of county commissioners in this kind of work. The syllabus in that ease is extremely broad:
“A contract made by county commissioners for the purchase and erection of a bridge in violation or disregard of the statutes on that subject is void, and no recovery can be had against the county for the value of such bridge. Courts will leave the parties to such unlawful transaction where they have placed themselves and will refuse to grant relief to either party.”
Notice that the court in this case condemns not only the action upon the contract itself, but it expressly declares it to be void, and denies the right to recover upon what lawyers call a quantum meruit; it denies the right to recover the reasonable value of what has been furnished or supplied.
Further along in this case the court use language that is well worth being heeded, page 419:
‘ ‘ Whatever the rule may be elsewhere, in this state the public policy, as indicated by our Constitution, statutes and decided cases, is, that to bind the state, a county or cities for supplies of any kind, the purchase must be substantially in conformity to the statute on that subject, and that contracts made in .violation or disregard of such statutes are void, not merely voidable, and that courts will not lend their aid to enforce such a contract directly or indirectly, but will leave the parties where they have placed themselves. If the contract is executory, no action can be maintained to enforce it, and if executed on one side, no recovery can be had against the party of the other side. ”
They say further on page 425:
“The statutes are notice to the world as to the extent of the powers of the commissioners, and the bridge company is bound by that notice. It knew, and was bound to know, that the commissioners had no power thus to enter into a contract, and that a contract thus attempted to be entered into would be null and void and would not bind either party. ’ ’
The court further say, page 426:
The 'amended petition pleads an express contract, and where there is a subsisting express contract the recovery must be had thereon, and an action can not be had in such case upon -an im *523 plied contract. * * * To say that the commissioners accepted the bridge, and retained it, and -promised to pay what it is reasonably worth does not aid the plaintiff. The commissioners can not purchase supplies upon the reasonably-worth plan, 'and no one is permitted to deal with -them on that plan. The statute is the only authority and guide for both parties. In this ease both parties have acted in disregard of the statute, and the court will leave them where they have placed themselves, and refuse to aid either.”
Now, my attention has been called to the fact that since the decision .of that case a statute has been passed authorizing parties under certain circumstances, where money has been unlawfully and improperly expended by public authorities, to bring an action to recover it back; but that statute could be of no aid to the plaintiff in this case. I-t, in fact, if it has any-application at all, would bear the other way, because it simply emphasizes the fact that if commissioners should unlawfully disburse money, some one would have a right to compel them to refund it, and how that could -aid the plaintiff in this action I am unable to see.
The decision which I have just quoted from condemns, as I have before said, not only an action to recover on the contract itself but an action to recover upon the reasonable value of what was furnished. It is claimed in argument by counsel for plaintiff in this case that this action is neither one of those. He admits the binding effect -of the decision, from which quotation has just been made, but seeks to avoid it in the petition; in fact, in the argument upon the demurrer i-t is claimed -that this action is not purely upon contract, which is manifestly true, and also that it is- not to recover the reasonable value.
The plaintiff wants the defendant to reimburse him for what he has actually expended in time and money. Now, it is a little difficult for the court to see the difference between a recovery sought upon that ground and the one which seeks to recover, for reasonable worth for what has been furnished. The reason of the decision in Buchanan Bridge Co. v. Campbell, supra, the reason of that part of the decision which forbids the recovery upon the reasonably-worth plan is, that if such re *524 oovery were allowed it would authorize and permit the evasion of the statute in every casé. The statute in this case undoubtedly may work an injustice to this plaintiff and undoubtedly there are many cases where the statute would work aja injustice to persons who have actually, in good faith, furnished material and labor for public officers; but the statute is for the protection of the public, and within the assumed knowledge of everybody, and everybody is bound to 'know that the statute prohibits county commissioners from contracting unless they comply with the provisions and requirements of the statute. If courts should permit the evasion of the statute, it would lead to disastrous results as it would, in effect, repeal the statute itself, I have no doubt, in many cases. Whether the statute is wise or unwise the Legislature has adopted it and we are bound to follow it.
Now, to say that we recognize the distinction urged by counsel for plaintiff — if we were able to recognize it and authorize a recovery in this case for what he seeks to recover, if he stamps it as a different kind of action from one to recover on the reasonalbly-worth plan — it would still be,- if different, an evasion of ■the statute and I am not able to see -that it can be justified in law. I should be glad if the law would authorize the recovery to this plaintiff, but I am not able to see, under the law, how he can recover in this action. Now, we .are not wholly without authority. In Lee v. Monroe County, 114 Fed. Rep., 744, where commissioners of a county representing that they had complied with the law and had -a right so to do purchased a bridge and issued orders for the payment therefor but the payment of such orders was enjoined because the law had not been complied with, it was decided that the holder of such an order may maintain an action for authority to remove such bridge, unless the county pays therefor.
Many cases have been cited by counsel for plaintiff which say in effect that the defendants must either make compensation, or else they must make restitution, and he argues from that, that the plaintiff has the option of compelling either restitution or compensation, as the plaintiff sees fit.
B. B. Wickham, for plaintiff.
L. W. Wickham, contra.
I do not so interpret those oases, and the case just cited is one of them. It announced the doctrine that if compensation is not made restitution will be ordered by the court, upon the tender, of course, of what has been furnished — what has been paid upon the contract. The decree in that case is for the restitution to the plaintiff, entitling him to .take the bridge back; the decree in the case at bar would be, if the cases were parallel, that the plaintiff might take back his road, but of course, that would be inadequate — that would be no compensation — no just or fair right to him in the case, because a large part of it is the value of the labor he has put into it. The crushed stone itself would be of trifling value compared with the labor of taking it and placing it and putting it in form and shape and making the road fit.
But the remedy that was afforded in Lee v. Monroe County, supra, was an order that the bridge be removed — not an order compelling compensation, either upon the reasonably-worth plan or upon the contract plan, or any other plan. It recognized the fact -that the contract was unlawful and was void, giving no rights, and of course if the contract was void, then the thing alleged to be sold was not sold. It was still the property of the bridge company in that ease, and in the case at bar it would still be the property of Mr. North — an unfortunate thing for him, as the restitution of the road would be wholly inadequate for him.
This case was cited and approved by Judge Wildman in a ease decided in Sandusky county last year and was much discussed by him and its force and effect recognized. In that case, a decree was denied to plaintiff largely because there had been no .tender made by the plaintiff. In this case there is no known rule of law, at least no rule of law known to this court, that would authorize a decree in favor of the plaintiff for an accounting -and it will therefore be ordered that the demurrer to the petition be sustained.